AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Western District of Michigan |
|---|---|---|
| Name<br>Andrew John Miller | Prisoner No.<br>407359 | Case No. |

**Place of Confinement**
Kinross Correctional Facility, 16770 South Watertower Driver, Kincheloe, Michigan 49788

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Andrew John Miller | V. | Duncan MacLaren |

The Attorney General of the State of:
Michigan - Bill Schuette

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   9th Circuit Court, 227 West Michigan Avenue, Kalamazoo, Michigan 49007
   Case No. 2007-0606 FC.

2. Date of judgment of conviction    7/1/2008

3. Length of sentence    Life

4. Nature of offense involved (all counts)
   Count 1: Homicide - Felony Murder
   Count 2: Homicide - Felony Murder
   Count 3: Homicide - Felony Murder
   Count 4: Perjury
   Count 5: Home Invasion 1st Degree
   Count 6: Habitual Offender - 3rd Offense

5. What was your plea? (Check one)
   (a) Not guilty    [X]
   (b) Guilty    [ ]
   (c) Nolo contendere    [ ]
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    [X]
   (b) Judge only    [ ]

7. Did you testify at the trial?
   Yes [ ]    No [X]

8. Did you appeal from the judgment of conviction?
   Yes [X]    No [ ]

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Michigan Court of Appeals

   (b) Result   Affirmed

   (c) Date of result and citation, if known   April 22, 2010, People v Miller, 2010 WL 1629084, unpublished (2010)

   (d) Grounds raised
   (See attached Grounds Raised, Exhibit A)(See attached Brief on Appeal, Exhibit B)(See Michigan Court of Appeals Opinion, Exhibit C)

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court   Michigan Supreme Court

   (2) Result
   Denied

   (3) Date of result and citation, if known   February 7, 2011, People v Miller, 488 Mich 1038, 794 NW2d 35 (2010).

   (4) Grounds raised
   (See attached Grounds Raised, Exhibit A, same as raised in Michigan Court of Appeals)(See attached Application for Leave to Appeal, Exhibit D) (See Michigan Supreme Court Order, Exhibit E)

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court

   (2) Result

   (3) Date of result and citation, if known

   (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding

        (3) Grounds raised

AO 241   (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result

    (6) Date of result

(b) As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Name of proceeding

    (3) Grounds raised

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐
    (5) Result

    (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐   No ☐
    (2) Second petition, etc.  Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:

Petitioner's right to confront witness Angela McConnell was violated where he did not have an opportunity to cross examine her after she withdrew from her agreement to testify and recanted her story but the People were still allowed to introduce her preliminary examination testimony.

Supporting FACTS (state *briefly* without citing cases or law):

In this case, prior to trial, the People, the trial court, and the defense knew that McConnell had radically changed her version of events from her preliminary examination testimony and that she would invoke her 5th Amendement to not incriminate herself in Petitioner's trial. This change in her possible testimony did not occur after trial, nor before her preliminary examination. Petitioner never had an opportunity to confront McConnell on the version of events she claimed was true at the time of trial. Moreover, this change in her possible testimony did not involve insignificant minor details. Instead, she claimed before trial, according to her letter and the withdrawal of her plea, that her entire testimony at preliminary examination was a lie. Petitioner was never afforded an adequate opportunity to cross-examine McConnell at trial on the reasons why she recanted her preliminary examination testimony and other salient issues. Petitioner's Confrontation rights were violated by the introduction of McConnell's preliminary examination transcript without any ability to cross-examine McConnell at trial. (see Brief in Support).

Petitioner exhausted his remedies on this ground through the Michigan Appellate Courts.

B. Ground two:

Petitioner's statements to law enforcement should not have been admitted where the statements were obtained in violation of his due process rights (Police Misconduct).

Supporting FACTS (state *briefly* without citing cases or law):

Petitioner asserts that the police engaged in a deliberate form of misconduct by failing to arrest Mr. Miller on a companion criminal case on March 13, 2007. If such an arrest had been made, that arrest would have triggered certain fundamental rights for Petitioner, including the reading of Miranda rights and the right to an attorney. After finally being arrested on this companion case (felony firearm) on March 15, 2007, Petitioner was read his Miranda rights and he eventually recanted the incriminating statements he had made on March 13, 14, and 15, 2007, prior to his arrest. Captain Mallery acknowledged that he knew the warrant would be issued on March 13, 2007, and, in fact, was issued prior to any incriminating statements being made by Petitioner. Finally, Mallery admitted that he could have arrested Mr. Miller as early as the afternoon of March 13th but chose not to. This deliberate decision to not arrest Mr. Miller violated the arrest provisions of Michigan law. MCR 764.1b (see Brief in Support)

Petitioner exhausted his remedies on this ground through the Michigan Appellate Courts.

C. Ground three:
   Petitioner's convictions should be overturned where there was insufficient evidence to convict him of the crimes charged.

   Supporting FACTS (state *briefly* without citing cases or law):
   Mr. Miller was convicted only on the testimony of co-defendant Brandy Miller, the Preliminary Examination transcript from Angela McConnell (another co-defendant), and the statements the Court admitted from Petitioner. There was absolutely no physical evidence tying any of the five (5) co-defendants to the crimes charged in the Information. Further, no witnesses separate from the co-defendants could be found to substantiate a single fact concerning the crimes charged in the Information. The testimony from Brandy Miller, the chief prosecution witness, was not credible. She admitted to lying repeatedly and her version of events was contradicted by the known physical evidence in this case. (See Brief in Support)
   Petitioner exhausted his remedies on this ground through the Michigan Appellate Courts.

D. Ground four:

   Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing
        Anastase Markou
        427 South Burdick Street
        Kalamazoo, Michigan 49007
    (b) At arraignment and plea
        Anastase Markou
        427 South Burdick Street
        Kalamazoo, Michigan 49007

(6)

     (c) At trial
          Anastase Markou
          427 South Burdick Street
          Kalamazoo, Michigan  49007
     (d) At sentencing
          Anastase Markou
          427 South Burdick Street
          Kalamazoo, Michigan  49007
     (e) On appeal
          Anastase Markou
          427 South Burdick Street
          Kalamazoo, Michigan  49007
     (f) In any post-conviction proceeding
          Anastase Markou
          427 South Burdick Street
          Kalamazoo, Michigan  49007
     (g) On appeal from any adverse ruling in a post-conviction proceeding
          Anastase Markou
          427 South Burdick Street
          Kalamazoo, Michigan  49007

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes [X]  No [ ]

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes [ ]  No [X]

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes [ ]  No [ ]

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

_____
Signature of Petitioner

(7)