# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: September 6, 2017

Mr. David H. Goodkin
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Mr. Anastase Markou
Levine & Levine
427 S. Burdick Street
Kalamazoo, MI 49007

Re: Case No. 17-1061, *Andrew Miller v. Duncan MacLaren*
    Originating Case No. : 1:12-cv-00117

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jeanine R. Hance on behalf of Robin Johnson
Case Manager
Direct Dial No. 513-564-7039

cc: Mr. Thomas Dorwin

Enclosure

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ANDREW JOHN MILLER, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Sep 06, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | O R D E R |
| | ) | |
| DUNCAN MACLAREN, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Andrew Miller, a Michigan prisoner proceeding with counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, and moves this court for a certificate of appealability ("COA"). *See* Fed. R. App. P. 22(b).

In August 2000, Marinus Polderman, Sary Polderman, and Anna Lewis were murdered during a home invasion. In August 2007, Miller, Brandy Miller, Angela McConnell, Jerome Williams, and Benjamin Platt were identified as suspects. At a preliminary hearing, McConnell testified against Miller. However, she recanted her testimony before Miller's trial, withdrew from her plea agreement, and, invoking her Fifth Amendment right against self-incrimination, refused to testify at Miller's trial. *People v. Miller*, No. 286580, 2010 WL 1629084, at *1 (Mich. Ct. App. Apr. 22, 2010), lv. app. denied, 794 N.W.2d 35 (Mich. 2011) (Mem.).

In May 2008, a Kalamazoo County Circuit Court (Michigan) jury convicted Miller of three counts of felony murder in violation of Michigan Compiled Laws § 750.316(1)(b); one count of perjury in violation of Mich. Comp. Laws § 767A.9(1)(b); and one count of first-degree home invasion in violation of Mich. Comp. Laws § 750.110a(2). In June 2008, the trial court sentenced Miller as a habitual offender pursuant to Mich. Comp. Laws § 769.11, to respective

sentences of three terms of life imprisonment without parole, 127-480 months of imprisonment, and 210-480 months of imprisonment.  Miller appealed, arguing that: (1) the admission of McConnell's preliminary examination testimony violated his rights under the Sixth Amendment Confrontation Clause; (2) the trial court's admission of incriminating statements Miller made to police violated Miller's constitutional due process rights; (3) there was insufficient evidence to support a conviction; and (4) the trial court erred in allowing the prosecutor to introduce a recorded telephone conversation between Miller and Platt.  The Michigan Court of Appeals sustained the conviction and sentence, and the Michigan Supreme Court denied leave to appeal. *Miller*, 2010 WL 1629084.

In February 2012, Miller filed a § 2254 petition for a writ of habeas corpus, arguing that: (1) the admission of McConnell's preliminary examination testimony violated Miller's rights under the Sixth Amendment Confrontation Clause; (2) the trial court violated his constitutional due-process rights by admitting incriminating statements that Miller made to police; and (3) there was insufficient evidence to support a conviction.

The magistrate judge reviewed the petition and recommended the dismissal of Claim 1 because McConnell's invocation of her Fifth Amendment rights made her unavailable to testify and Miller cross-examined her during the preliminary hearing, the dismissal of Claim 2 because the statements were voluntary and were not obtained in violation of Miller's due-process rights, and the dismissal of Claim 3 because a rational factfinder could find that the evidence was sufficient to convict him.  Over Miller's objections, the district court adopted the magistrate judge's report and recommendation, dismissed the petition, and denied a COA.

Miller now seeks a COA with respect to all three claims.

To be issued a COA, the petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the applicant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant habeas corpus relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Miller argues in Claim 1 that the admission of McConnell's preliminary hearing testimony violated his Confrontation Clause rights under *Crawford v. Washington*, 541 U.S. 36 (2004). During the preliminary examination, Angela McConnell testified pursuant to a plea agreement and implicated Miller in the August 2000 home invasion and murders. Before trial, McConnell withdrew from the plea agreement and recanted her preliminary examination testimony. The trial court allowed the prosecutor to introduce that testimony at trial because McConnell invoked her Fifth Amendment privilege and was therefore no longer available to testify.

The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53-54. The Michigan Court of Appeals applied the *Crawford* standard and determined that Miller had a constitutionally adequate opportunity to cross-examine McConnell during the preliminary hearing, and the district court, via the magistrate judge's recommendation, agreed. *Miller*, 2010 WL 1629084, at *1-2. Reasonable jurists could disagree with the district court's resolution of this claim. *See Blackston v. Rapelje*, 780 F.3d 340, 345-48 (6th Cir. 2015).

Miller argues in Claim 2 that the state trial court (a) violated his due process rights and (b) violated his right to remain silent by admitting statements he made to police officers when said officers allegedly had an obligation to arrest him, but had not done so. Miller asserts that the state police waited two days after a warrant was issued on an unrelated weapons charge to

arrest him in order to extract incriminating confessions from him without giving him the benefit of his Fifth Amendment *Miranda* rights, including his right to an attorney.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Miller's assertion that his statements were involuntary does not deserve encouragement to proceed further.  As the magistrate judge noted, the Michigan Court of Appeals found that Miller's statements were voluntary because he "voluntarily appeared at all three interviews," "initiated two of the interviews," "was not in custody," could "leave whenever he wanted," "was not threatened or promised anything," was not "under the influence of . . . intoxicants" and was not "in need of medical attention."  *Miller*, 2010 WL 1629084, at *2-3.  The fact that Miller would not have made incriminating statements to police had circumstances been different does not render those incriminating statements involuntary.

To the extent that Miller asserts a violation of due process, neither of the cases that he cites support the proposition that a failure to arrest is "so outrageous that 'a criminal prosecution for the [crime] violates the fundamental principles of due process.'"  *United States v. Kuehne*, 547 F.3d 667, 694 (6th Cir. 2008) (quoting *United States v. Russell*, 411 U.S. 423, 430 (1973)); *see also Rochin v. California*, 342 U.S. 165, 166 (1952).  Reasonable jurists would not disagree with the district court's resolution of this claim.

Miller argues in Claim 3 that the evidence was insufficient to support a conviction.  When reviewing a claim of insufficient evidence, this court evaluates if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  When a case is on habeas review from state court, a "double layer of deference" applies, and the federal court may overturn the conviction only if the state court's sufficiency determination was unreasonable.  *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

Miller argues that the evidence was insufficient because there was no physical evidence linking him to the crimes, making witness testimony, that was allegedly not credible, the only evidence against him.

No. 17-1061
- 5 -

This argument does not deserve encouragement to proceed further. "[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995); *see also Moreland v. Bradshaw*, 699 F.3d 908, 918 (6th Cir. 2012). Nor is the alleged lack of physical evidence an obstacle, because witness testimony alone is sufficient to support a conviction. *See Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985). Reasonable jurists would not disagree with the district court's resolution of this claim.

Accordingly this court **GRANTS** Miller's motion for a certificate of appealability with respect to Claim 1 and **DENIES** it as to Claims 2 and 3. The Clerk's Office is directed to establish a briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk